UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jessica Zelinske, | Court File No. |
| Plaintiff, | **NOTICE OF REMOVAL** |
| vs. | |
| Timothy McBeain, and His Employer, Charter Communications, LLC, Charter Communications Inc. And Charter Media LLC, | |
| Defendants. | |

TO:   THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MINNESOTA

Pursuant to 28 U.S.C. §§ 1332 and 1446, individual defendant Timothy McBeain ("McBeain") and corporate defendants Charter Communications, LLC, Charter Communications Inc. and Charter Media LLC (the "Corporate Defendants" and, collectively, "Defendants") hereby give notice of removal of the above-captioned action currently pending in the Dodge County District Court, State of Minnesota, to the United States District Court for the District of Minnesota. In support of their Notice of Removal, Defendants state as follows:

A.   **PROCEDURAL BACKGROUND**

On or about September 9, 2013 Plaintiff, Jessica Zelinske, ("Plaintiff") commenced a civil action against McBeain in the Dodge County District Court in the State of Minnesota, by service pursuant to Minnesota Rule of Civil Procedure 3.01 on McBeain. A true and correct copy of the Summons and Complaint is attached as

Exhibit A.  McBeain resides in Minnesota.  (Declaration of Timothy McBeain In Support of Notice of Removal ("McBeain Dec."), ¶ 1.)  Plaintiff has not served a Summons or Complaint on any of the Corporate Defendants.

In her Complaint, Plaintiff purports to assert three causes of action against the McBeain and the Corporate Defendants: Promissory Estoppel (Count I), Intentional Infliction of Emotional Distress (Count II), and Negligent Infliction of Emotional Distress. (Count III).

Specifically, Plaintiff alleges that McBeain, who was Plaintiff's direct supervisor while she was employed by Defendant Charter Communications, LLC[1], promised Plaintiff that if she posed nude for Playboy magazine, "that would not violate the employee handbook and that her employment with Charter would not be terminated because of that behavior."  *See* Compl. ¶¶ 4-6, 13.  Plaintiff posed nude for Playboy and was published in a July 28, 2011 issue of Playboy.  *Id.* at ¶ 15.  Plaintiff alleges that her employment was terminated on September 9, 2011 because "her choice to pose nude for Playboy magazine violated Charter's standard of common decency and Charter's conduct policy."  Compl. ¶¶ 19-21.  While Plaintiff alleges that McBeain promised her that posing for Playboy magazine would not violate the employee handbook or result in her termination, she does not allege that McBeain ever acted outside of the scope of his employment.  *See* Compl. ¶¶ 1-29.

---

[1] Notably, Defendant Charter Communications, LLC is the only proper defendant in this action, as it is the entity that employed Plaintiff.

Plaintiff claims that Defendants were estopped from terminating her employment based on McBeain's alleged promise and committed promissory estoppel by terminating her at-will employment for violating Charter Communication, LLC's employment policies. Compl. ¶¶ 22-25. Plaintiff further claims that Defendants intentionally inflicted and negligently inflicted severe emotional distress upon her by terminating her at-will employment for violating Charter Communication, LLC's employment policies. Compl. ¶¶ 26-29. Plaintiff alleges she has been damaged in excess of $50,000 due to her detrimental reliance on McBeain's alleged promise. Compl. ¶¶ 22-25. Plaintiff also alleges she has experienced emotional distress and that Defendants are liable for their intentional or negligent infliction of that emotional distress in an amount in excess of $50,000. Compl. ¶¶ 26-29. Thus, Plaintiff seeks an aggregate amount in excess of $100,000 in damages.

    **B.**    **RELEVANT FACTUAL BACKGROUND**

        **1.**    **The Corporate Defendants Are Completely Diverse From Plaintiff.**

None of the Corporate Defendants are incorporated under Minnesota law, nor do they maintain their principle places of business in Minnesota. Defendant Charter Communications, LLC is a Delaware limited liability company with its principle place of business in Connecticut. (McBeain Dec. ¶ 4.) Defendant Charter Communications, Inc. is a Delaware corporation with its principle place of business in Connecticut. (*Id.,* ¶ 5.) While "Charter Media" is used as a trade name, there is no company named Charter

Media, LLC that is anyway related to either Charter Communication, LLC or Charter Communications, Inc.[2] (*Id.*, ¶ 6.)

Because complete diversity of all of the proper parties to this litigation exists, and the amount in controversy exceeds $75,000, this case is properly subject to removal. *See* 28 U.S.C. § 1332(a).

### 2. McBeain Acted Within The Scope Of His Employment

Plaintiff never spoke with McBeain about posing for Playboy before she did so. (McBeain Dec. ¶ 7.) Accordingly, McBeain never made any representations to Plaintiff regarding whether posing nude for Playboy magazine would violate the company's employee handbook or the impact that posing nude for Playboy might have on her employment. (*Id.*)

McBeain first learned that Plaintiff had posed nude in Playboy from his sales assistant. (*Id.*, ¶ 8.) Shortly thereafter, this fact was confirmed for McBeain when he saw an article regarding Plaintiff in a local Rochester Minnesota magazine after the July 28, 2011 issue of Playboy was published. (*Id.*) Shortly after seeing the article in the local magazine, McBeain received negative comments from a customer regarding Plaintiff's choice to pose nude in Playboy. (*Id.*)

McBeain discussed Plaintiff's appearance in Playboy magazine with Human Resources Generalist Mary Jane Grant. (*Id.*, ¶ 9.) McBeain did not take any position or

---

[2] A search of the Minnesota Secretary of State's website confirms that no entity with the name Charter Media, LLC is incorporated under Minnesota law or registered to do business in Minnesota.

4

make any recommendations regarding Plaintiff's employment during his discussion with Grant or at any other time. (*Id.*)

McBeain did not play any role in the decision to terminate Plaintiff's employment. (*Id.*, ¶ 10.) Rather, on September 9, 2011, Grant contacted McBeain and informed him that senior management had decided to terminate Plaintiff's employment. (*Id.*) Grant further informed McBeain that senior management had instructed that he inform Plaintiff of the termination decision. (*Id.*) McBeain informed Plaintiff that her employment was terminated on September 9, 2011. (*Id.*, ¶ 11.)

    **C.**    **LEGAL ANALYSIS**

        **1.**    **Because McBeain Has Been Fraudulently Joined As a Party to the Litigation, Complete Diversity Exists for Purposes of Removal.**

"In diversity cases, the federal court's jurisdiction can be subverted by fraudulent joinder of resident defendants to defeat diversity." *Kansas Pub. Employees Ret. Sys. v. Reimer & Koger Assoc., Inc.*, 77 F.3d 1063, 1069 (8th Cir. 1996). The law is clear, however, that "the right of an out-of-state defendant to remove a diversity suit to federal court cannot be defeated by a fraudulent joinder of a resident defendant." *Simpson v. Thomure*, 484 F.3d 1081, 1082 (8th Cir. 2007) (citations omitted). "Fraudulent joinder" is a judicially-created exception to complete diversity, which exists when there is no reasonable basis in fact or in law for claims against a non-diverse defendant. *See Menz v. New Holland N. Am., Inc.*, 440 F.3d 1002, 1004 (8th Cir. 2006) (citations omitted).

It is clear from the face of the Complaint that McBeain has been fraudulently joined as a defendant for the sole and improper purpose of subverting diversity

jurisdiction. Plaintiff has failed to allege facts sufficient to support her claims for relief against McBeain, and Plaintiff's claims against McBeain, therefore, fail as a matter of law. Accordingly, Plaintiffs' fraudulent joinder of McBeain does not prevent removal of this action to this Court, and the amount in controversy requirement is clearly satisfied in this action, as evidenced by the claims for damages set forth in the Complaint.

### 2. Plaintiff Fails To State A Cognizable Claim Against McBeain.

That Plaintiff has fraudulently joined McBeain as a party defendant is evidenced by the fact that Plaintiff has failed to state a claim against McBeain for promissory estoppel, intentional infliction of emotional distress, or negligent infliction of emotional distress. To the extent Plaintiff has sufficiently plead any of these claims, which she has not, her claims are clearly against her former employer Charter Communications, LLC – not McBeain. Furthermore, even if Plaintiff had alleged sufficient facts in her Complaint, she cannot sustain any of these claims against McBeain.

The Supreme Court has clearly stated that "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (U.S. 2007) (abandoning the "no set of facts" language of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) in favor of a "plausibility" standard) (quotations and citations omitted). According to the Supreme Court, such "[f]actual allegations must be enough to raise a right of relief above the speculative level." *Id*. (citations omitted). Plaintiff must allege "enough facts to state a claim for relief that is

plausible on its face." *Id.* (dismissing a complaint where plaintiffs failed to "nudge[] their claims across the line from conceivable to plausible[.]").

### a. Plaintiff Has Not Pled That McBeain Acted Outside The Scope Of His Employment

First, in order for McBeain to be held individually liable on any of Plaintiff's claims, Plaintiff must both allege and present evidence that McBeain acted outside the scope of his company duties. *Nordling v. Northern State Power Co.*, 478 N.W.2d 498, 505-506 (Minn. 1991). In *Nordling*, the Minnesota Supreme Court specifically held,

> If a corporation's officer or agent acting pursuant to his company duties terminates or causes to be terminated an employee, the actions are those of the corporation; the employee's dispute is with the company employer for breach of contract, not the agent individually for a tort. To allow the officer or agent to be sued and to be personally liable would chill corporate personnel from performing their duties and would be contrary to the limited liability accorded incorporation.

*Id.*

Otherwise, Plaintiff's dispute is with her employer, on whose behalf McBeain acted. *See id.* The Complaint is void of any allegation that McBeain acted outside the scope of his duties as Plaintiff's direct supervisor when engaging in any of the acts alleged in the Complaint. Therefore, Plaintiff has failed to plead "enough facts to state [] claim[s] for relief that [are] plausible on [their] face" against McBeain. *Twombly*, 550 U.S. at 555. As Plaintiff does not allege that McBeain acted outside the scope of his duties, she has clearly joined McBeain solely for the improper purpose of defeating diversity and avoiding this Court's jurisdiction. *See Menz*, 440 F.3d at 1004 ; *see also Bouten v. Richard Miller Homes, Inc.*, 321 N.W.2d 895, 901 (Minn. 1982) (affirming

7

dismissal of tortious interference against a corporate officer when corporate officer did not act outside the scope of his employment duties); *Burt v. Yanisch*, 2004 Minn. App. LEXIS 961, *14-16 (Minn. Ct. App. Aug. 17, 2004) (same); *French v. Eagle Nursing Home*, 973 F. Supp. 870, 883 (D. Minn. 1997) (same).

Furthermore, even if Plaintiff had plead that McBeain acted outside the scope of his employment, which she did not, the evidence reflects that McBeain did not make any representation to Plaintiff regarding the impact that posing nude for Playboy might have on her employment. Furthermore, McBeain simply did not participate in the decision to terminate Plaintiff's employment and simply followed senior management's instructions when he informed of the termination decision. In other words, McBeain clearly did not act outside the scope of his employment and cannot be held individually liable. *Bouten*, 321 N.W.2d at 901; *Burt*, 2004 Minn. App. LEXIS 961 at *14-16; *French*, 973 F. Supp. at 883.

### b. Plaintiff Has Not Stated A Promissory Estoppel Claim

To establish a promissory claim against McBeain under Minnesota law, Plaintiff must demonstrate: 1) McBeain made a clear and definite promise; 2) McBeain intended to induce reliance; 3) such reliance occurred; and 4) the promise must be enforced to prevent an injustice. *Ruud v. Great Plains Supply*, 526 N.W.2d 369, 372 (Minn. 1995). Under Minnesota law, "[i]n the employment context, a cause of action for promissory estoppel requires proof of a clear and definite promise of long-term employment terminable only for cause. Absent such a promise, the employee has no reasonable basis

for relying on anything other than an at-will relationship." *Friedman v. BRW, Inc.*, 40 F.3d 293, 297 (8th Cir. 1994) (applying Minnesota law).

While Plaintiff alleges McBeain promised her that posing nude in Playboy would not violate the company's employee handbook and would not result in her termination, her allegations fall woefully short of alleging that McBeain promised her that her employment was terminable only for cause. Therefore, Plaintiff has failed to plead facts sufficient to sustain her claim promissory estoppel claim against both McBeain and the Corporate Defendants. *See id.* (upholding summary judgment when plaintiff presented evidence that defendant had promised "permanent" employment).

Even if it were properly plead, Plaintiff's promissory estoppel claim against McBeain will ultimately fail because the evidence will reflect that McBeain did not make any representations to Plaintiff regarding the effect that posing nude for Playboy would have on her employment. *See Friedman*, 40 F.3d at 297.

### c. Plaintiff Has Not Stated A Claim For Intentional Infliction Of Emotional Distress

Under Minnesota law, in order to recover for intentional infliction of emotional distress, a plaintiff must show: (1) that the conduct is extreme and outrageous, (2) that it is intentional or reckless, (3) that it causes emotional distress, and (4) that the distress is severe. *Schimming v. Equity Servs. of St. Paul, Inc.*, 2012 Minn. App. Unpub. LEXIS 341, at *10 (Minn. Ct. App. Apr. 23, 2012) (citing *Hubbard v. United Press Int'l*, 330 N.W.2d 428, 438-39 (Minn. 1983)). To be actionable, a defendant's conduct must be "so atrocious that it passes the boundaries of decency and is utterly intolerable to the civilized

community." *Armstrong v. Target Corp.*, 2010 U.S. Dist. LEXIS 121051, *16 (D. Minn. Nov. 15, 2010) (citing *Hubbard*, 330 N.W.2d at 438-39 ) (further noting that "The operation of this tort is sharply limited to cases involving particularly egregious facts").

Plaintiff's complaint merely recites the elements of intentional infliction of emotion distress, without specifically pleading any facts to support this claim. *See* Compl. at ¶ 26. While Plaintiff baldly alleges that McBeain and the Corporate Defendants engaged in "extreme and outrageous" conduct, the alleged conversation she had with McBeain regarding whether posing nude for Playboy would affect her employment status and her subsequent termination do not rise to the level of "egregious facts" required to sustain this claim. *See id.* (granting motion to dismiss when complaint alleged that plaintiff felt threatened when a store's head of security repeatedly asked plaintiff to leave the store).

Plaintiff's intentional infliction of emotional distress against McBeain and the Corporate Defendants also fails because Plaintiff baldly alleges that she experienced "emotion distress, and her distress was severe" without pleading any facts to support this conclusion. *See* Compl. at ¶ 26. Plaintiff's unsupported recitation of this element of her claim does not provide enough facts to show that her claim is plausible on its face. *See id.* (granting motion to dismiss when plaintiff failed to plead severe emotional distress); *McCauley v. Ocwen Fed. Bank, FSB*, 2010 U.S. Dist. LEXIS 17466,*14 (D. Minn. Feb. 26, 2010) (same); *see also Twombly*, 550 U.S. at 555.

Again, even if her claim were sufficiently plead, plaintiff's intentional infliction of emotional distress claim will ultimately fail because McBeain simply did not make any

representations to Plaintiff regarding the affect posing nude for Playboy would have on her employment. The fact that McBeain informed Plaintiff of her employer's decision to terminate her employment, standing alone, certainly does not constitute "extreme and outrageous" behavior required to sustain this claim. *Armstrong*, 2010 U.S. Dist. LEXIS 121051 at *16.

### d. Plaintiff Has Not Stated A Claim For Negligent Infliction Of Emotional Distress Claim

In order to prove negligent infliction of emotion distress under Minnesota law, Plaintiff must prove that she: 1) was within the zone of danger of physical impact; 2) reasonably feared for her own safety and; 3) suffered severe emotional distress with resultant physical injury. *See Armstrong v. Target Corp.*, 2010 U.S. Dist. LEXIS 121051 at *16 (citing *Stadler v. Cross*, 295 N.W.2d 552, 553 (Minn. 1980)). Plaintiff's complaint fails to even recite the elements of this claim, let alone plead specific facts sufficient reflecting that her claim is plausible. Therefore, Plaintiff's negligent infliction of emotional distress claim against both Plaintiff and the Corporate Defendants fails. *See id.* (granting motion to dismiss when plaintiff failed to plead that he feared for his physical safety or that he suffered severe emotional distress).

As Plaintiff has failed to sufficiently plead that McBeain acted outside the scope of his employment or sufficient facts to support her claims against either McBeain or the Corporate Defendants, it is clear that Plaintiff has fraudulently joined McBeain to this action in an deliberate attempt to avoid diversity jurisdiction and removal to this Court.

### 3. The Amount In Controversy And Other Requirements For Removal Have Been Satisfied.

Plaintiff's Complaint clearly satisfies the amount in controversy requirement. Plaintiffs seek to hold Defendants liable for damages in an amount in excess of $50,000 in quasi-contractual damages under her breach of contract claim and an amount in excess of $50,000 for the severe emotional distress she alleges she has suffered. *See* Compl. at ¶¶ 25, 27, 29. Thus, Plaintiff seeks an aggregate amount in excess of $100,000 in damages.

The requirements of 28 U.S.C. § 1441(a) have also been met, as this Court is the United States District Court for the district and division embracing the place where this action is currently pending (Dodge County, Minnesota). Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed, as it was made within thirty (30) days after receipt by McBeain of the Complaint which sets forth a removable claim, and from which it could first be ascertained that this action is removable.

Written notice of the filing of this Notice of Removal has been served upon Plaintiff. Finally, a Notice of Filing Notice of Removal has been filed with the Clerk of the Dodge County, Minnesota District Court.

### D. CONCLUSION

Based on the foregoing, Defendants respectfully request that this action, now pending in the District Court for the County of Dodge, Minnesota, Third Judicial District, be removed to the United States District Court for the District of Minnesota, on the basis

of diversity jurisdiction, and for such other and further relief as to the Court deems just and proper.

Date: September 30, 2013

*s/ John H. Lassetter*
Jacqueline E. Kalk (#0388459)
jkalk@littler.com
John H. Lassetter (#0389009)
jlassetter@littler.com
**LITTLER MENDELSON, P.C.**
1300 IDS Center
80 South 8th Street
Minneapolis, MN  55402.2136
Telephone: 612.630.1000

Firmwide:123011851.1 047830.1150